EDWARD J. BLACK, PETITIONER-RESPONDENT, v. RUS-
SELL DeVRIES, TRADING AS CARLTON HILL TRUCK-
ING CO., CARLTON BURLAP PRODUCTS CO. AND AMER-
ICAN CASUALTY CO., RESPONDENTS-PROSECUTORS.

Argued May 1, 1945—Decided October 29, 1945.

Before Justices DONGES, HEHER and COLIE.

For the prosecutors, *Harry E. Young* (*William H. Camp-
bell, Jr.,* of counsel).

For the respondent, *David Roskein* (*John A. Laird,* of
counsel).

The opinion of the court was delivered by

COLIE, J. The prosecutor, Russell DeVries, was allowed
a writ of *certiorari* to review a judgment of the Essex County
Court of Common Pleas in a workmen's compensation matter.

Edward J. Black was employed by DeVries on July 17th,
1942. On that date he and another driver were unloading a
truck in Nutley, New Jersey, and while lifting a case weigh-
ing between 200 and 300 pounds, he felt a sharp pain in his
right side, slumped to the floor, was sick to his stomach and
remained on the floor about five or ten minutes. Thereafter,
he sat on his truck for about twenty minutes and then called
his employer who advised him to go to a doctor but did not
specify any particular doctor. Acting upon the advice of a
fellow-employee, Black, instead of going to a licensed phy-
sician, went to Bloomfield to a store operated by a man called
"Doc," who specialized in trusses. The proprietor of the store
told him to wear a truss and at some later date, he did get

one. At the time of the hearing which was held on January 15th, 1943, Black was wearing a truss but he did not go to a doctor until about two weeks prior to the hearing which would be approximately six months after the accident of July 17th, 1942, upon which his claim for compensation for a hernia is based.

The deputy commissioner dismissed the petition on the ground that the petitioner failed to comply with the statutory requirements for a compensable hernia. On appeal the Court of Common Pleas reversed, holding that "the word *required* meant 'to have need of' and did not mean actually to have secured."

The problem before this court is to determine the sense in which the legislature used the word *required* in the applicable section of the statute.

The Workmen's Compensation Act as adopted in 1911 had no specific provisions relating to hernia. Legislation on the subject was first enacted by chapter 93, laws of 1919. With several minor amendments, in nowise affecting the sense it now appears as *R. S.* 34:15–12 (x) and reads:

"Inguinal hernia is a disease which ordinarily develops gradually, being very rarely the result of an accident. Where there is a real traumatic hernia resulting from the application of force directly to the abdominal wall, either puncturing or tearing the wall, compensation will be allowed. All other cases will be considered as either congenital or of slow development and not compensable, being a disease rather than an accidental injury; unless conclusive proof is offered that the hernia was immediately caused by such sudden effort or severe strain that, first, the descent of the hernia immediately followed the cause; second, that there was severe pain in the hernial region; third, that there was such prostration that the employee was compelled to cease work immediately; fourth, that the above facts were of such severity that the same was noticed by the claimant and communicated to the employer within twenty-four hours after the occurrence of the hernia (days when the business is not in operation, such as Sundays, Saturdays or holidays shall be excluded from this twenty-four hour period) ; fifth, that there was such physi-

cal distress that the attendance of a licensed physician was required within twenty-four hours after the occurrence of the hernia."

The ambiguity arises from the use of the word "required" for which Webster's New International Dictionary cites as synonyms: exact; enjoin; direct; order; demand; need. On seeking to ascertain the sense in which the legislature used the word we may, among other things, resort to the reason for the enactment. The legislature has embodied in the very act itself a statement of that reason. It said: "Inguinal hernia is a disease which ordinarily develops gradually, being very rarely the result of an accident. Where there is a real traumatic hernia * * * compensation will be allowed. All other cases will be considered as either congenital or of slow development and not compensable, being a disease rather than an accidental injury." It is unnecessary to belabor the point that the act was passed to protect employers from the burden of paying compensation for a disease, rarely the result of accident. The language to accomplish this protection has been described by the Court of Errors and Appeals in *Prino* v. *Austin Co.*, 121 *N. J. L.* 518, as special in character and carefully drawn.

Examination of the five conditions which must be met before a workman may recover for a hernia not the result of application of force directly to the abdominal wall which punctures or tears the wall, discloses that it is in the fifth and last condition that mention is first made of "the attendance of a licensed physician." We must assume that the phrase "attendance of a licensed physician" was used for a purpose and standing alone it could mean nothing less than actually attendance. Are we because of the word *required* to say the contrary? We think not. To adopt the construction of the act placed upon it by the court below is to wholly thwart the legislative intent. If the verb *required* means *to have need of* then the requirement of the fifth condition is met if the injured workman has such physical distress as to make him think that he needed the attendance of a licensed physician, but despite his thought or desire in that regard he did not in fact go to or call in a physician. We cannot

bring ourselves to adopt such an interpretation since to do so would afford no added protection to the employer. Our duty is to construe this statute liberally for the benefit of injured workmen, but it is far from our duty to torture language under the guise of liberal construction.

In the brief of respondent and on the oral argument it was pointed out that great hardship might flow if the statute was held to demand the actual attendance of a licensed physician. We were cited the case of an injured lumber-jack who sustained an indirect hernia in a place of employment so remote as to render impossible the attendance of a physician within twenty-four hours. Suffice it to point out that we are to construe the statute in light of the facts of the actual case and not in the light of hypothetical facts conjured up by the fertile brain of counsel.

We hold that the statute under consideration calls for attendance by a licensed physician within twenty-four hours, that no such attendance was had and therefore the judgment under review is reversed, with costs.